IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RANDALL WAYNE OAKES,** | ) |
| Plaintiff, | ) |
| v. | ) No. 23-CV-334-RAW |
| **KEVIN MERRITT, et al.,** | ) |
| Defendant. | ) |

## OPINION AND ORDER

On October 2, 2023, Plaintiff Randall Wayne Oakes, a pretrial detainee in the LeFlore County Detention Center in Poteau, Oklahoma, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. 1). He is complaining that the "Natives" are separated from other races, and race is a consideration in sentencing, in violation of constitutional due process and equal protection, as well as federal statutes. The practice also allegedly is a form of judicial bias. His request for relief is that all people of Oklahoma be sentenced under the same guidelines without consideration of race, age or gender.[1]

He has named three defendants: the LeFlore County Courts, the State of Oklahoma, and District Attorney Kevin Merritt. Because these defendants are improper for this action, the complaint shall be dismissed without prejudice.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

---

[1] To the extent Plaintiff may be complaining about his sentencing, those claims must be brought in a proper petition for a writ of habeas corpus.

1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Immunity from Suit**

The Eleventh Amendment prevents Plaintiff from suing the State of Oklahoma without its unequivocal consent, and this prohibition encompasses suits against state agencies. *See Guttman v. Khalsa*, 669 F.3d 1101, 1110 (10th Cir. 2012) ( "Although a state may waive the sovereign immunity granted to it under the Eleventh Amendment, we require a showing of unequivocal intent to do so."); *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (noting that the Eleventh Amendment's protection encompasses States and state agencies). "Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). *See also* Okla. Stat. tit. 51 § 152.1.

The Eleventh Amendment doctrine of sovereign immunity also bars actions for damages state agencies and its officials acting in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 165–167, n. 14 (1985); *Ambus v. Granite Bd. of Educ.*, 995 F .2d 992, 994 (10th Cir.1993) (Eleventh Amendment immunity extends to agencies that act as arms of state). *See also Entrup v.*

3

*Colorado*, 127 F.3d 1109, 1997 WL 639322, at *1 (10th Cir. Oct. 14, 1997) (suit against Boulder County District Court barred under Eleventh Amendment). Furthermore, prosecutors, such as Defendant Merritt, possess prosecutorial immunity from § 1983 lawsuits for damages which are predicated on his performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). Therefore, the

**Conclusion**

Because all of the defendants in this action are immune from liability, this action is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as a "strike" or "prior occasion" under 28 U.S.C. § 1915(g).

**ACCORDINGLY,** this action is dismissed without prejudice.

Dated this 6th day of November 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE